BEER, Judge.
Willie Gavin was, as he puts it, “mostly a hod carrier”. In that capacity he sustained an on-the-job injury to his left foot and ankle and right foot and ankle as a result of a fall from a scaffold on October 21, 1971.
Appellants paid all his medical expenses totaling about $4,000 and also made weekly compensation payments totaling, coinci-dently, about $4,000. The $49 per week payments were stopped on May 10, 1973 and suit was filed shortly thereafter. At the trial the District Judge correctly focused his principal considerations on the medical aspects of the case. At issue is whether or not Gavin is totally and permanently disabled within the meaning of the Act because he continues to experience some degree of pain in his left ankle along with some degree of limitation.
Gavin had a history of previous injury and heart problems none of which are material here except a left ankle injury of long standing which caused pain to exist from its inception back in the 1950’s to the present. Gavin acknowledged on cross-examination that the pain from this old injury continued up to the time of the accident which now concerns us. But the pain is “more worser now”.
Dr. Gernon Brown, the treating physician and the only orthopedic specialist called to testify, felt that the injury of October 21, 1971 had healed to the point were Gavin was “physically qualified” to return to hod carrying and working as a bricklayer’s helper, but also felt that Gavin would experience pain as a result. He estimated that the injury of October 21, 1971 had resulted in about twenty percent additional disability of the left foot and ankle — already somewhat affected by the old injury.
Dr. Brown testified that the right ankle and foot injury had healed completely without complication or assessable disability and Gavin agrees that he has no problem from that injury.
Dr. Brown discussed the dilemma that confronts us in pinning down the definition of working in substantial pain. He finally concluded that if Gavin went back to work as a hod carrier or bricklayer’s helper he would experience “a significant amount of discomfort” in his left foot. He acknowledged that there is a “degree of subjectivity about discomfort”, yet was unswerving in his belief that Gavin is “physically qualified” to return to work as a hod carrier or bricklayer’s helper insofar as the injury of October 21, 1971 is concerned. However, in almost the same paragraph of testimony, he also stated that there is “ample evidence based on physical examination to substantiate [the] complaint of discomfort and/or pain in [the] ankle”.
Gavin’s testimony with respect to his attempts to return to work is sketchy at best and unsupported by any other evidence or testimony. The only proof of his working in pain is Gavin’s own testimony and the relatively inconclusive statements of Dr. Brown.
We find that Gavin was physically able on May 10, 1973 to resume his work as a hod carrier insofar as the injuries attributable to the accident of October 21, 1971 are concerned. We also find that such resumption will result in some degree of pain —the extent of which is virtually unmeasurable.
The evidence is much clearer as to the percentage of permanent disability of the left foot and ankle attributable to the October 21, 1971 injury. It was set by Dr. Brown at between twenty and twenty-five percent. Additionally, the overlay of this percentage on the existing disability referable to Gavin’s old injury, his congenital flat feet, and degenerative changes, had the overall effect of reducing the normal function of the left foot and ankle to about one half of normal.
The trial court apparently concluded that, overall, Gavin was “substantially handicapped” in competing in the common *836 labor market as a result of his injury citing Emilien v. National Gypsum Company, 109 So.2d 106 (La.App. Orleans, 1959), and rendered judgment for permanent and total disability.
We find no manifest error in the conclusion reached and, accordingly, affirm. Costs to be paid by appellant.
Affirmed.